In the Matter of the Estate of WILLIAM T. BARR, Deceased.

Surrogate's Court, Suffolk County, June 30, 1930.

*George S. Ingraham*, for the Brooklyn Trust Company, executor.

*Edward L. Frost*, special guardian for infants.

PELLETRAU, S.   Upon the accounting herein, construction and judicial interpretation is requested of the following clause in the will of the testator: " At the decease of my wife, or at my decease if I outlive my wife, I give, devise and bequeath my residuary estate to my nephews and nieces then living and the issue of any nephew or niece then living, *per stirpes* and not *per capita*."

The executor contends that this clause does not express the intention of the testator, and that to correctly express said intention the word " not " should be added between the word " niece " and the words " then living." Carefully drawn briefs and much authority have been submitted by each side.

It is the duty of the court to determine the intention of the testator.   That intention is paramount if it can be discovered, and ought not to be affected by any rule of construction.   The court is limited, however, in determining .such intention to the words which the testator has himself used in the will, but if there be any ambiguity, that construction should be adopted which will best carry out the testator's intention.

In this case the language is perfectly plain.   There is no ambiguity of expression about it.   Under the circumstances, the court is of the opinion that it can only then determine what the

testator meant by what the testator said. Where the language is plain and simple and direct, as in this case, I am bound to conclude that the court would have no right to change the language used by the testator.

I should not be influenced by what is the customary use of a phrase frequently used in preparing wills. The clause used is unusual. Insertion of the word " not " makes a usual clause. The fact remains, however, that the language is plain, simple and clear-cut, and to change it prevents a gift to relatives of the testator alive at the time of his death. The testator may have thought that these relatives would take afterwards, and naturally, as children of their parents, would get a portion of the gift which they, under the will, would get, but the language used does not say so.

The court is of the opinion that it should not insert the word " not " in the place indicated, and that the clause must be construed without any change of its language whatever.